IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

HARVEE PRATCHER,                        )
                                        )
              Petitioner,               )
                                        )
       v.                               )        Case No.  1:19-cv-00215-AGF
                                        )
UNITED STATES OF AMERICA,               )
                                        )
              Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Harvee Pratcher's motion filed under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which Petitioner argues

that his conviction for robbery under the Hobbs Act, 18 U.S.C. § 1951, could not serve as

a predicate "crime of violence" to support his additional conviction under 18 U.S.C. §

924(c), and that his counsel was ineffective for failing to argue that point.  The Court also

granted Petitioner's unopposed, pro se motion for leave to supplement his petition in

order to expand upon the legal arguments in support of his claim.

Following briefing with respect to Petitioner's original motion, the United States

Supreme Court issued its decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022),

which held that a conviction for an *attempted* Hobbs Act robbery does not qualify as a

"crime of violence" under § 924(c)(3)(A) because no element of the offense requires

proof that the defendant used, attempted to use, or threatened to use force.  In light of

*Taylor* and an Administrative Order entered by the Chief Judge of this Court in response

to *Taylor*, the Court appointed counsel for Petitioner.  Appointed counsel has now further

supplemented Petitioner's § 2255 motion, and the Government has filed responses opposing the original and supplemental motions.  For the reasons set forth below, the Court will deny each of Petitioner's motions.

## **BACKGROUND**

On January 18, 2019, Petitioner pleaded guilty to interfering with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and 18 U.S.C. § 2 (Count I); and to brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II).  *See United States v. Pratcher*, 1:17CR108 AGF (E.D. Mo.). [1] On March 18, 2019, the Court sentenced Petitioner to an aggregate 144-month term of imprisonment.  This term consisted of 60 months for the Hobbs Act robbery (Count I), and a consecutive 84-month term of imprisonment for the § 924(c) charge (Count II).  Petitioner did not file a direct appeal.

On November 25, 2019, Petitioner filed his original § 2255 motion claiming he was entitled to relief based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the so-called "residual clause" set forth in § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague.  Further, Petitioner claimed that his counsel was ineffective for failing to raise the argument which ultimately prevailed in *Davis*.

On June 17, 2022, Petitioner supplemented his motion, pro se, in order to add an argument that his § 924(c) conviction could not stand in light of *Borden v. United States*,

---

[1]      References to the underlying criminal case are designated hereinafter as "Crim. ECF No. ___").

141 S. Ct. 1817 (2021), which held that offenses that can be committed recklessly cannot satisfy the definition of "violent felony" under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Petitioner argued that a Hobbs Act robbery can be committed recklessly and, applying the reasoning of *Borden*, should therefore not qualify as a "crime of violence" under § 924(c).  *See* ECF No. 18.

In his most recent supplemental motion filed through appointed counsel, Petitioner asserts three claims.  First, Petitioner argues that the Supreme Court's recent decision in *Taylor* bars his § 924(c) conviction.  Petitioner acknowledges that *Taylor* held that an attempted Hobbs Act robbery was not a "crime of violence" under § 924(c) and that Petitioner was convicted of a completed Hobbs Act robbery.  But Petitioner argues that the Hobbs Act is an indivisible statute, with the crimes of attempted and completed robbery representing alternative means that cannot be evaluated independently, and as such, the statute as a whole categorically fails to qualify as a "crime of violence."

Second, Petitioner argues that, even assuming the Hobbs Act is divisible between completed and attempted robberies, a completed Hobbs Act robbery still does not constitute a "crime of violence" under § 924(c) because the statute allows convictions based on threats of injury to intangible property, whereas § 924(c) requires a threat of physical force.

Finally, Petitioner argues that a Hobbs Act completed robbery is not a "crime of violence" under § 924(c) because it can be committed by *de minimis* force against property, which Petitioner argues is insufficient under § 924(c).

The Government opposes each of Petitioner's arguments.

3

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

## **Whether a Hobbs Act Completed Robbery Qualifies as a "Crime of Violence"**

Section 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A)(i).  The statute defines a "crime of violence" in two subparts.  The first definition is known as the "elements clause" and is found in § 924(c)(3)(A).  *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).  The elements clause covers felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A). The second definition is known as the "residual clause" and is set forth in § 924(c)(3)(B). The residual clause covers felonies that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).

*Davis* declared the "residual clause" unconstitutionally vague.  139 S.Ct. at 2336. But *Davis* did not invalidate the elements clause, and "even today the elements clause remains in force."  *Taylor*, 142 S. Ct. at 2019.  Thus, after *Davis*, a conviction qualifies as a "crime of violence" under § 924(c) only if it satisfies the elements clause.

4

I.    <u>Argument Under *Taylor*</u>

*Taylor*, in turn, held that an attempted Hobbs Act robbery failed to satisfy the elements clause because an "attempt" requires only an intent to unlawfully take or obtain personal property by means of actual or threatened force, and a substantial step toward that end. *Taylor*, 142 S. Ct. at 2020.  The Supreme Court reasoned that "an intention is just that, no more" and that a "substantial step" could hypothetically fall short of the elements clause's requirement "that the defendant used, attempted to use, or even threatened to use force against another person or his property."  *Id.*

But in so holding, the Court explicitly distinguished attempted Hobbs Act robberies from completed Hobbs Act robberies.  *See id.* ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original).  And the Court explicitly noted that "to win a conviction for a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person ... of another, against his will, by means of actual or threatened force.'"  *Id.* (quoting 18 U.S.C. § 1951(b)) (emphasis in original).

For this reason, the Eighth Circuit (in an unpublished opinion) and other circuits have continued to hold, post-*Taylor*, that a completed Hobbs Act robbery is a "crime of violence" under the elements clause.  *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam and unpublished) ("Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence*, United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), the plea agreement

5

established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime

of violence"); *see also United States v. McCoy*, 58 F.4th 72, 74-75 (2d Cir. 2023) (per

curiam) ("[W]e see nothing in Taylor's language or reasoning that undermines this

Court's settled understanding that completed Hobbs Act robberies are categorically

crimes of violence pursuant to section 924(c)(3)(A)."); *United States v. Linehan*, 56 F.4th

693, 700 (9th Cir. 2022) ("[I]t is well established both pre- and post-*Taylor* that

completed Hobbs Act robbery is a crime of violence under the elements clause.").

    II.    <u>Divisibility as Between Attempted and Completed Hobbs Act Robberies</u>

    A criminal statute is divisible when it "list[s] elements in the alternative, and

thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016).

But a statute that merely lists "alternative means of satisfying one (or more) of its

elements" is indivisible. *Id.* at 503. If a statute is "divisible," courts apply a "modified

categorical approach," looking to certain permitted sources (such as the indictment or

plea agreement) "to determine what crime, with what elements, a defendant was

convicted of." *United States v. Kent*, 44 F.4th 773, 775–76 (8th Cir. 2022).

    Petitioner invokes this divisibility analysis to argue that the Hobbs Act is

indivisible as to attempted and completed robberies, such that *Taylor*'s declaration that

attempted Hobbs Act robberies are not crimes of violence applies equally to completed

Hobbs Act robberies. But *Taylor* itself disclaimed such an approach by explicitly

distinguishing between the elements of a completed Hobbs Act robbery and an attempted

one. *See Taylor*, 142 S. Ct. at 2020. For that reason, district courts around the country

and one circuit court in an unpublished opinion have held that the Hobbs Act is divisible

6

at least as between attempted and completed robberies.  *See, e.g.*, *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (unpublished) (holding that the Hobbs Act is "divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery" because "these three crimes comprise different elements"); *accord United States v. Legendre*, No. CR 21-51, 2023 WL 2330036, at *3 (E.D. La. Mar. 2, 2023); *Small v. United States*, No. 2:20-CV-449-DAK, 2023 WL 1993874, at *2 (D. Utah Feb. 14, 2023); *United States v. Stevens*, No. 21-CR-107-1, 2023 WL 274121, at *2 n.1 (E.D. Pa. Jan. 18, 2023); *see also Linehan*, 56 F.4th at 700 ("[A]n attempt to commit the offense is distinct from the completed offense.").  The Court agrees with the reasoning of these courts and concludes that the Hobbs Act is divisible into attempted and completed robberies.  And because Petitioner was convicted of a completed Hobbs Act robbery, *Taylor* does not impact his § 924(c) conviction.

     III.   <u>Remaining Arguments</u>

     Because a completed Hobbs Act robbery constitutes a "crime of violence" under the elements clause of § 924(c), Petitioner's challenges to his conviction based on *Davis*'s invalidation of the residual clause—and Petitioner's related ineffective assistance of counsel claim—lack merit.  *See Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").[2]

---

[2]    Although Petitioner does not explicitly raise the issue, the fact that Petitioner was convicted of "aiding and abetting" a completed Hobbs Act robbery does not alter the

Petitioner's other arguments likewise fail on the merits.  As the Government correctly notes, Petitioner's argument based on *Borden* is misplaced because *Borden* applies to offenses with a mental state of "recklessness."[3]  141 S. Ct. at 1834.  A "Hobbs Act robbery cannot be committed recklessly but instead requires intentional conduct." *United States v. Ivey*, 60 F.4th 99 (4th Cir. 2023) (rejecting a similar *Borden*-based challenge to a § 924(c) conviction based on a Hobbs Act robbery).

Petitioner's remaining arguments seek to overturn Eighth Circuit precedent holding that a completed Hobbs Act robbery meets the definition of a "crime of violence" under § 924(c)'s elements clause.  *See, e.g.*, *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017) ("Like other circuits, we have expressly held that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' the operative term in § 924(c)(3)(A)," and that "decision is binding . . .") (citation omitted).  However, as discussed above, the Eighth Circuit and others have reaffirmed this precedent post-*Taylor*.  And this Court is bound by Eighth Circuit precedent.  *See, e.g.*, *United States v. Fluckes*, No. 22-1619, 2023 WL 2292270, at *1 (8th Cir. Mar. 1, 2023) (per curiam) ("[O]nly the en banc court (or the Supreme Court of

---

Court's analysis.  The Eighth Circuit has made clear that "we treat an aider and abettor no differently than a principal" in determining whether the "underlying offense categorically qualifies as a crime of violence under § 924(c)(3)(A)."  *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam) (citations omitted).

[3]      *Borden* addressed the definition of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which is similar to § 924(c)'s definition of "crime of violence."  *See Borden*, 141 S. Ct. at 1834; 18 U.S.C. § 924(e)(2)(B)(i).

the United States) can overrule binding circuit precedent.") (citing *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)).

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Harvee Pratcher's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2023.

9